UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

| | |
|---|---|
| STACY PETERSON, | **SECOND AMENDED COMPLAINT** |
| Plaintiff, | |
| -against- | 11 CV 1386 (PKC) (RML) |
| CITY OF NEW YORK, JOHN BROOKS, Individually, PAUL FAZIO, Individually, MICHAEL RIVERA, Individually, and ANTHONY REYES, Individually, | Jury Trial Demanded |
| Defendants. | |

------------------------------------------------------------------------------X

Plaintiff STACY PETERSON, by her attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

1.   Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitutions of the United States of America and of the State of New York.  Plaintiff also asserts supplemental New York State common law claims.

## JURISDICTION

2.   This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.  Plaintiff asserts supplemental state law claims pursuant to common law and the New York State Constitution.

3.   Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.   Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff STACY PETERSON is a forty-five year old woman residing in Staten Island, New York.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.     That at all times hereinafter mentioned, the individually named defendants, JOHN BROOKS, PAUL FAZIO, MICHAEL RIVERA, and ANTHONY REYES, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties. Defendants BROOKS, FAZIO, and RIVERA held the rank of detective, and REYES held the supervisory rank of sergeant.

10.    That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the CITY OF NEW YORK.

11.    Each and all of the acts of the defendants alleged herein were done by said

defendants while acting within the scope of their employment for defendant CITY OF NEW YORK.

## FACTS

12. On December 22, 2009, beginning at approximately 10:15 p.m., plaintiff was lawfully present in front of 2066 Clove Road, Staten Island, New York.

13. Plaintiff was present at the location because she had been informed that her son was being arrested.

14. When plaintiff arrived at the location, she observed her son in handcuffs and in the custody of two NYPD detectives, defendants MICHAEL RIVERA and PAUL FAZIO. Plaintiff's son's arrest was not supported by probable cause, and was not otherwise a legitimate official law enforcement act or function.

15. Without interfering in her son's arrest or otherwise engaging in any improper or illegal conduct, plaintiff asked why her son had been arrested.

16. In response, defendant RIVERA unjustifiably grabbed plaintiff and plaintiff's arms, brutally twisted plaintiff's left arm, and slammed his hand against plaintiff's left elbow.

17. Around the same approximate time that defendant RIVERA unlawfully engaged and assaulted Ms. Peterson, defendants JOHN BROOKS and ANTHONY REYES, a supervisor, arrived at the location.

18. After defendant RIVERA grabbed, twisted and slammed plaintiff's arm, defendants RIVERA, FAZIO, and BROOKS participated in unnecessarily and unreasonably handcuffing and falsely arresting plaintiff, or otherwise standing by while the unlawful conduct took place in their presence without intervening.

19. Plaintiff was thereafter transported to the NYPD's 120th precinct stationhouse and imprisoned therein while the defendants conspired to draw up false charges against Ms. Peterson that were conveyed to the Richmond County District Attorney's Office so that she would be prosecuted in a criminal court.

20. The defendants imprisoned plaintiff until December 23, 2009, when plaintiff was released at her arraignment in Richmond County Criminal Court on false criminal charges based on the fabricated allegations of defendants BROOKS and FAZIO that Ms. Peterson purportedly interfered in her son's arrest, as sworn to in an official Court filing by defendant BROOKS.

21. The malicious prosecution compelled plaintiff to return to Court for twelve appearances.

22. On July 6, 2011, all of the purported charges filed against plaintiff by the defendants were dismissed and sealed in Richmond County Criminal Court.

23. All of the false charges filed against plaintiff's son were likewise dismissed and sealed prior to the resolution of plaintiff's criminal case.

24. The defendant NYPD officers, BROOKS, FAZIO, RIVERA, and REYES, all directly participated in the illegal conduct described above, or otherwise failed to intervene in the illegal conduct, despite a reasonable opportunity to do so.

25. Defendant REYES, who held the rank of sergeant at the time, supervised defendants BROOKS, FAZIO, and RIVERA, and approved of, oversaw, authorized, and otherwise participated in the use of force, arrest, and prosecution of plaintiff.

26. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the CITY OF NEW YORK, including, without limitation, a custom or

4

practice of falsification.

27. As a result of the foregoing, plaintiff STACY PETERSON sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of her liberty and her constitutional rights.

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest Under 42 U.S.C. § 1983 Against Defendants Brooks, Fazio, Rivera and Reyes)

28. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "27" with the same force and effect as if fully set forth herein.

29. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

30. All of the aforementioned acts deprived plaintiff STACY PETERSON of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

33. Defendants arrested plaintiff STACY PETERSON without probable cause, causing her to be detained against her will for an extended period of time and subjected to

physical restraints.

34. Ms. Peterson was conscious of her confinement, and did not consent to same.

35. As a result of the foregoing, plaintiff STACY PETERSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND OF ACTION
(Excessive Force under 42 U.S.C. § 1983 Against Defendants Brooks, Fazio, Rivera and Reyes)

36. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. The level of force employed by the defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff STACY PETERSON'S constitutional rights.

38. As a result of the aforementioned conduct of defendants, plaintiff STACY PETERSON was subjected to excessive force and sustained physical injuries.

39. As a result of the foregoing, plaintiff STACY PETERSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983 Against Defendants Brooks, Fazio, Rivera and Reyes)

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. Defendants initiated, commenced and continued a malicious prosecution against

plaintiff STACY PETERSON.

42. Defendants caused plaintiff STACY PETERSON to be prosecuted with probable cause until the charges were dismissed and otherwise terminated in her favor on or about July 6, 2011.

43. As a result of the foregoing, plaintiff STACY PETERSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983 Against Defendants Brooks, Fazio, Rivera and Reyes)

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendants had an affirmative duty to intervene on behalf of plaintiff STACY PETERSON, whose constitutional rights were being violated in their presence by other officers.

46. The defendants failed to intervene to prevent the unlawful conduct described herein.

47. As a result of the foregoing, plaintiff STACY PETERSON was subjected to excessive force, her liberty was restricted for an extended period of time, she was put in fear of her safety, humiliated and subjected to handcuffing and other physical restraints, and she was maliciously prosecuted.

48. As a result of the foregoing, plaintiff STACY PETERSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983 Against Defendant Reyes)

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. Defendant REYES personally caused plaintiff STACY PETERSON'S constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train his subordinate employees.

51. As a result of the foregoing, plaintiff STACY PETERSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

52. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

54. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

55. This action was commenced within one (1) year and ninety (90) days after the

cause of action herein accrued.

56. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(False Arrest under the laws of the State of New York Against All Defendants)

57. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. Defendants arrested plaintiff without probable cause.

59. Plaintiff was detained against her will for an extended period of time and subjected to physical restraints.

60. As a result of the aforementioned conduct, plaintiff was unlawfully imprisoned in violation of the laws of the State of New York.

61. As a result of the aforementioned conduct, plaintiff suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

62. As a result of the foregoing, plaintiff STACY PETERSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Assault under the laws of the State of New York Against All Defendants)

63. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. As a result of the foregoing, plaintiff STACY PETERSON was placed in

9

apprehension of imminent harmful and offensive bodily contact.

65. As a result of defendants' conduct, plaintiff STACY PETERSON has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

66. As a result of the foregoing, plaintiff STACY PETERSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Battery under the laws of the State of New York Against All Defendants)

67. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68. Defendants made offensive contact with plaintiff without privilege or consent.

69. As a result of defendants' conduct, plaintiff has suffered serious physical injuries, pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

70. As a result of the foregoing, plaintiff STACY PETERSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York Against Defendant City of New York)

71. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described in the SIXTH, SEVENTH and EIGHTH causes of action, to wit: false arrest, assault and battery.

73. As a result of the foregoing, plaintiff STACY PETERSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Violation of NYS Constitution Article I §12 against Defendant City of New York)

74. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75. By using excessive force, falsely arresting plaintiff, and maliciously prosecuting her, the defendant officers, who acted under the pretense and color of state law and within the scope of their employment, deprived plaintiff of the rights, remedies, privileges, and immunities guaranteed to her by Article I § 12 of the New York Constitution.

76. Defendant CITY OF NEW YORK, as employer of each of the individually named defendant officers, is responsible for the acts of the defendant officers which violated plaintiff's rights, remedies, privileges, and immunities guaranteed to her by Article I § 12 of the New York Constitution under the doctrine of *respondeat superior*.

77. As a result of the foregoing, plaintiff STACY PETERSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff STACY PETERSON demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)   full and fair compensatory damages in an amount to be determined by a jury;

(B)   punitive damages against the individually named defendants in an amount to be determined by a jury;

(C)   reasonable attorneys' fees and the costs and disbursements of this action; and

(D)   such other and further relief as appears just and proper.

Dated: Brooklyn, New York
June 3, 3015

                                            LEVENTHAL & KLEIN, LLP
                                            Attorneys for Plaintiff STACY PETERSON
                                            45 Main Street, Suite 230
                                            Brooklyn, New York 11201
                                            (718) 722-4100

                                            By:   /s/ Brett H. Klein
                                                     BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

STACY PETERSON,

                                     Plaintiff,

                                                                   11 CV 1386
    -against-                                                    (PKC) (RML)

CITY OF NEW YORK, JOHN BROOKS, Individually,
PAUL FAZIO, Individually, MICHAEL RIVERA, Individually,
and ANTHONY REYES, Individually,

                                     Defendants.

--------------------------------------------------------------------------------X


**SECOND AMENDED COMPLAINT**


                **LEVENTHAL & KLEIN, LLP**
                Attorneys for the Plaintiff
                45 Main Street, Suite 230
                Brooklyn, New York 11201
                    (718) 722-4100